NOT FOR PUBLICATION                                         [Docket No. 32]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____
                             :
MYZEL FRIERSON,              :
                             :
            Plaintiff,       :    Civil No. 04-4295 (RMB)
                             :
       v.                    :    OPINION
                             :
FRAN GREEN,                  :
NURSE PRACTITIONER,          :
(CMS)CORRECTIONAL MEDICAL    :
SERVICES,                    :
                             :
            Defendants.      :
_____ :
```

APPEARANCES:

Myzel Frierson
431810/341370b
Northern State Prison
P.O. Box 2300
Newark, New Jersey 07114
      Plaintiff, Pro se

Stephen E. Siegrist
MURPHY & O'CONNOR, LLP
Commerce Center
1810 Chapel Avenue West
Suite 130
Cherry Hill, New Jersey 08002-4607
      Attorneys for Defendants

**BUMB**, United States District Judge:

   This matter comes before the Court upon a motion for summary judgment on behalf of Defendants Fran Green, Nurse Practitioner, and CMS (Correctional Medical Services).  In support of their

1

motion, Defendants have submitted a statement of Undisputed Material Facts and verified exhibits. Plaintiff has submitted no opposition to Defendants' motion.[1]

I.  Procedural History

Plaintiff's allegation stems solely from an alleged lack of medical care for a finger injury that took place on May 1, 2004, at South Woods State Prison where the Plaintiff was incarcerated at the time. Plaintiff saw Nurse Fran Green ("Green") for his injured finger on May 3, 2004. Plaintiff alleges that Green told him that the finger was not broken but "jammed." There was a splint in place on Plaintiff's finger and pain medication was not prescribed because Plaintiff was already taking such medication for his recurring back pain. Green scheduled Plaintiff for an x-ray.

Plaintiff's finger was x-rayed on May 10, 2004 and Green reviewed the x-ray and noted that there was a possible non-displaced fracture with a possible chip. Green also noted that she would request an orthopedic consult and keep the splint on the finger. The splint was changed on May 11th by a member of the medical staff.

---

[1] Pursuant to Local Civil Rule 7.1(d)(2), Plaintiff's opposition was due March 24, 2006. Because Defendants' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden No. State Prison, 2006 U.S. Dist. Lexis 27471 *3 (D.N.J. 2006) (quoting Allebach v. Sherrer, 2005 U.S. Dist. Lexis 15626 *5 (D.N.J 2005)).

On May 14, 2004, Green reviewed the x-ray with Plaintiff and noted a fracture but Plaintiff refused to go to the orthopedic clinic for his finger.  When Plaintiff saw Dr. Stephen Hoey D.O. on May 19, 2004, he examined the finger and told Plaintiff that an orthopedic appointment was no longer necessary because the finger was healing.  Plaintiff never filled out a Health Services Request form for his finger and no other appointments were made for the finger injury.

On March 17, 2005, Plaintiff Myzel Frierson filed a complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants Green and (CMS) Correctional Medical Services, Inc.  On November 28, 2005, Defendants attempted to depose Plaintiff, pursuant to Court order, but he refused.  Pursuant to another Court order, a deposition occurred at Northern State Prison on January 25, 2006.  (Plaintiff was transferred to Northern State Prison on June 24, 2005.)

On January 10, 2006, Plaintiff sought an order of the Court directing the Defendants "to cease indifferent medical treatment immediately" at Northern State Prison. [Docket Item 23].  The Honorable Jerome B. Simandle denied the motion, stating in relevant part that "[b]eyond what the medical records show, this Court is concerned that Mr. Frierson's motion is either fabricating or greatly exaggerating the medical staff's alleged lack of response and treatment to his various medical

complaints." [Docket Item 28 at 4].

Defendants filed the instant motion for summary judgment on March 6, 2006. Plaintiff has filed no papers in opposition.

II. Analysis

**A. Summary Judgment Standard**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

---

[2] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

be resolved in favor of either party."[3] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 3d Cir. 1995) (citation omitted). Even though Defendants' motion is unopposed, "summary judgment may not be granted unless it is meritorious, i.e. the movant is entitled to judgment as a matter of law under the facts stated by that party." Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990).

**B. Plaintiff's Deliberate Indifference Claim**

The gravamen of Plaintiff prisoner's complaint is that he has been subjected to cruel and unusual punishment (in the form of deliberate indifference to his broken finger) in violation of the Eighth Amendment of the United States Constitution. Because there are no triable issues of fact as to whether Defendants' actions constitute a violation of the Eight Amendment, Defendants' motion for summary judgment shall be granted.

The elementary principles of the Eighth Amendment "establish[]the government's obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). An inmate "must rely on prison

---

[3] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

authorities to treat his medical needs, if the authorities fail to do so, those needs will not be met." Id. at 102. In Estelle, the Supreme Court concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

The Court noted, however, that its conclusion does not mean "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eight Amendment." Id. at 105. Prison medical providers are given considerable latitude in their medical treatment of prisoners, as long as there is no deliberate indifference to a serious medical need. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Neither mere allegations of malpractice nor "mere disagreement as to the proper medical treatment" present a constitutional violation. Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Instead, to demonstrate an "unnecessary and wanton infliction of pain" an inmate must show that prison officials have acted with "deliberate indifference" and that the prisoner's injury or illness is serious. Id. at 104; Government of the V.I. v. Martinez, 239 F.3d 293, 301 (3d Cir. 2001).

Where prison officials deny reasonable requests for medical

treatment, and "such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), (quoting Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976), cert. denied, 486 U.S. 1006 (1988).  Additionally, where prison authorities are aware of the need for medical care and intentionally refuse to provide that care, the deliberate indifference standard is satisfied.  Id.  (quoting Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985)).

For a medical need to be "serious" pursuant to the second prong of the Estelle test, Plaintiff must show that the need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Id. at 347 (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979), aff'd 649 F.3d 860 (3d Cir. 1981)).

Plaintiff alleges that Green was deliberately indifferent to his serious medical needs regarding the finger injury of May 1, 2004.  The evidence in front of this Court however, demonstrates that Plaintiff cannot establish a genuine issue of material fact as to whether such indifference occurred.  Green was very attentive to the Plaintiff's finger injury.  While she did not immediately agree that the finger was indeed broken, she left the

7

splint in place and scheduled Plaintiff for an x-ray. Pain medication was neither needed nor prescribed because the Plaintiff was already taking pain medication for his back. Moreover, once the x-ray came back showing the finger was broken, Green scheduled Plaintiff for an orthopedic consult, which Plaintiff refused to attend.

None of this conduct creates an issue of material fact as to whether Plaintiff was treated with material indifference. No reasonable jury could conclude that Green's treatment of Plaintiff's broken finger could constitute an exposure to "undue suffering" or an intentional refusal to provide care. See Monmouth County Correctional, 834 F.2d at 346. To the contrary, Plaintiff was already taking pain medication and Green ordered x-rays upon her initial examination of the finger and later scheduled an orthopedic consult. The mere fact that Green did not initially think the finger was broken despite Plaintiff's statements to the contrary does not create an issue of fact as to whether Plaintiff was treated with deliberate indifference. See e.g., Anderson v. Snyder, 2006 U.S. App. LEXIS 17046 (3d Cir. July 7, 2006) (dismissing Plaintiff prisoner's appeal where his mere allegations of negligence or medical malpractice did not rise to an Eight Amendment violation).

There has been no evidence of deliberate indifference to the medical needs of the Plaintiff. Indeed, Plaintiff has not

8

submitted one piece of evidence in opposition, and his time for doing so has long passed.  See Local Rule 7.1(d)(2).

As for defendant Correctional Medical Services, Inc., it is entitled to summary judgment because a private corporation performing a municipal function may not be held vicariously liable under 42 U.S.C. § 1983 unless Plaintiff can show that "a form of constitutional deprivation resulted from an official custom or policy, or alternatively, from the actions of an official with 'final authority to establish municipal policy.'" Taylor v. Plousis, 101 F.Supp. 2d 255, 263-265, n.4 (D.N.J. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)).

In order for a defendant to be held liable under such a theory, a plaintiff must demonstrate that the government [or in this case the government's contractor] defendant's policy or custom caused the complained of injury.  Monell, 436 U.S. at 694, see Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003).  As in the Taylor case, Plaintiff, in the instant case, has adduced no evidence of a policy or custom, enacted by CMS that resulted in the alleged deliberate indifference to the Plaintiff's medical needs regarding his finger injury.  Plaintiff has also failed to introduce any evidence that any CMS official with final policymaking authority acted with deliberate indifference to his need for adequate

9

medical care.  Therefore, Plaintiff has presented no triable issues of fact and the Defendant CMS is entitled to judgment as a matter of law.[4]

III. Conclusion

    Accordingly, for the above reasons, Defendants' motion for summary judgment is hereby granted pursuant to Federal Rule of Civil Procedure 56(c).

    An accompanying Order shall enter today.

                                       **s/Renée Marie Bumb**
                                       RENÉE MARIE BUMB
                                       United States District Judge

Dated: August 21, 2006

---

[4] Because this Court has granted Defendants' motion for summary judgment on the merits, it need not address Plaintiff's failure to exhaust administrative remedies.